UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:08-CR-70 (VARLAN/GUYTON) |
| EXGARDO ERAZO, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the Court on defense counsel's Motion to Withdraw as Counsel of Record [Doc. 44], referred [Doc. 45] to the undersigned on March 25, 2009. See 28 U.S.C. § 636(b). The parties appeared on March 25, 2009, for a hearing on the pending motion. Assistant United States Attorney Melissa M. Millican appeared on behalf of the government. Attorney Steven G. Shope, appointed counsel for the defendant, was present as was the defendant, who participated with the aid of an interpreter.

In his motion, defense counsel asks to withdraw from representation of the defendant because it has become impossible for he and the defendant to communicate and the trust and confidence in the attorney-client relationship has been destroyed. Counsel states that his withdrawal from the case is in the interest of justice. At the hearing, the defendant confirmed that he understood Mr. Shope was asking to withdraw and that he wanted a new attorney. The government did not object to the motion to withdraw.

The Court finds good cause exists to permit Attorney Shope to withdraw. Based upon Mr. Shope's representations in his motion and the defendant's statements in court, the Court concludes that the trust necessary for an adequate defense no longer exists in the attorney-client relationship, that there has been a breakdown in communication between the defendant and his attorney, and that the situation is unlikely to improve. Based upon good cause shown, Attorney Shope's Motion to Withdraw as Counsel of Record [**Doc. 44**] is **GRANTED**, and Mr. Shope is relieved as counsel for the defendant. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

The Court recognizes the need for the defendant to be continuously represented by conflict-free counsel. At the March 25 hearing, Attorney Bradley L. Henry appeared and agreed to accept representation of the defendant  The Court therefore and hereby **SUBSTITUTES** and **APPOINTS** Mr. Henry under the Civil Justice Act (CJA) as counsel of record for Defendant Erazo. Mr. Shope is **DIRECTED** to turn over the file and all discovery to Mr. Henry.

Accordingly, it is ordered:

(1) Attorney Steven G. Shope's Motion to Withdraw as Counsel of Record [**Doc. 44**] is **GRANTED**; and

(2) Attorney Bradley L. Henry is **SUBSTITUTED** as the defendant's counsel of record under the CJA.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge