IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )   No. 3:08-CR-70 |
| V. | ) (VARLAN/GUYTON) |
| | ) |
| EXGARDO ERAZO, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Counsel for defendant who has been appointed pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, has moved by way of his Motion of Defendant Exgardo Erazo to Declare Case Extended and Complex [Doc. 53], for a waiver of the case compensation maximum limit and for interim payment of attorney compensation. The Criminal Justice Act provides for a maximum compensation limit of $7,000 for each attorney in a case charging one or more felonies. 18 U.S.C. § 3006A(d)(2). Payment in excess of the $7,000 limit may be allowed if the court certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit. 18 U.S.C. § 3006A(d)(3).

In the present case, counsel requests that the case be declared extended and complex due to problems stemming from the defendant's language barrier. Counsel asserts that he and the defendant must communicate with the aid of an interpreter because the defendant does not speak English. He maintains that this case involves voluminous discovery and that he must explain to and evaluate with the defendant numerous documents, along with audio and video recordings, provided

1

in discovery. Counsel contends that due to the language barrier, he will have to expend more time, skill, and effort than would normally be required in the average case and that more time will be required for total processing than in the average case. Accordingly, counsel argues that the case qualifies as extended and complex.

The government opposes a finding that the case is extended and complex. It maintains that the language barrier between the defendant and counsel does not render the case extended and/or complex because the defendant, through counsel, can use an interpreter. Moreover, the government asserts that this case involves a straightforward drug conspiracy, involving controlled purchases of narcotics on five occasions over a forty-five-day period.

The following regulation is pertinent to the question of whether or not the $7,000 maximum on compensation should be waived:

> Payments in excess of CJA compensation maximums may be made to provide fair compensation in cases involving extended or complex representation when so certified by the court or United States magistrate judge and approved by the chief judge of the circuit (or by an active circuit judge to whom excess compensation approval authority has been delegated).
>
> In determining if an excess payment is warranted, the court or United States magistrate judge and the chief judge of the circuit (or an active circuit judge to whom excess compensation approval authority has been delegated) should make a threshold determination as to whether the case is either extended or complex. If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case, the case is "complex." If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case is "extended."
>
> After establishing that a case is extended or complex, the approving judicial officer should determine if excess payment is necessary to provide fair compensation. The following criteria, among others, may be useful in this regard: responsibilities involved measured by

Case 3:08-cr-00070-TAV-HBG   Document 74   Filed 06/15/09   Page 2 of 6   PageID #: 192

> the magnitude and importance of the case; manner in which duties were performed; knowledge, skill, efficiency, professionalism, and judgment required of and used by counsel; nature of counsel's practice and injury thereto; any extraordinary pressure of time or other factors under which services were rendered; and any other circumstances relevant and material to a determination of a fair and reasonable fee.

*Appointment of Counsel in Criminal Cases*, Volume VII, *Guide to Judiciary Policies and Procedure*, Chapter II, Part C, § 2.22(B)(3) (hereinafter *Guide to Judiciary Policies and Procedures*). Case compensation limits apply only to attorney fees. There is no limit on the presiding judge's authority to reimburse expenses of counsel except as to compensation for investigators and other experts. 18 U.S.C. § 3006A(e); *Guide to Judiciary Policies and Procedures*, Ch. II, § 2.22 (B)(1)(i). Moreover, the Court would note that the $7,000 case limit represents the total compensation payed to all the attorneys, if the defendant had one or more substituted attorneys, unless the case is declared extended or complex. *Guide to Judiciary Policies and Procedures*, Ch. II, § 2.25. This regulation is important in the instant case because present counsel is the defendant's third appointed attorney.

In this case, the defendant is charged with conspiring with Co-defendant Heather Shay and with other people to distribute and to possess with intent to distribute fifty grams or more of "crack" cocaine from April 10, 2008, to May 15, 2008 (Count 1); distributing cocaine on April 10, 2008 (Count 2), distributing cocaine on April 24, 2008 (Count three); distributing crack cocaine on April 24, 2008 (Count four); and distributing crack cocaine on May 5, 2008 (Count five).[1] Defendant Shay entered a guilty plea on November 4, 2008. Defendant Erazo's case is currently

---

[1] Co-defendant Heather Shay is charged in Count six with distributing crack cocaine on May 15, 2008.

set for trial on September 8, 2009. At this point in time, the parties have not pointed out any unusual factual or legal issues in this case. Moreover, the Court notes that although it has continued [Doc. 71] the trial to give new defense counsel time to prepare, particularly in light of the language barrier, it has not found that this case unusual or complex with regard to the number of defendants, the nature of the prosecution, or the presence of novel questions of law or fact for purposes of the Speedy Trial Act. See 18 U.S.C. 3161(h)(7)(B)(ii).

The government cites to United States v. Sepulveda, in which the District Court for the District of Montana considered the question of whether appointed defense counsel's representation of a non-English speaking defendant caused the case to be extended for purposes of payment exceeding the maximum compensation limit. 502 F. Supp. 2d 1104, 1107 (D. Mont. 2007). In Sepulveda, defense counsel argued that due to the need for use of an interpreter, all of his meetings with the defendant to discuss discovery, plea offers, and the debriefings had to occur through an interpreter, which increased the length of time spent on these meetings. Id. The Court held that defense counsel had not expended more time than would normally be required on these meetings, even though they had been conducted through an interpreter:

> Because Montana is not a bilingual state, very few CJA attorneys in Montana speak Spanish. The norm where the defendant speaks Spanish is for CJA counsel to obtain the services of an interpreter to communicate with clients. The reality of a non-English speaking defendant is not grounds for finding a case extended. An exception exists if translation problems result in more conference time than would be expected in the average case, but that is not so here.

Id.

In the present case, the Court finds nothing to indicate that this case is complex. The

4

defendant is charged [Doc,. 15] with participating in a month-long conspiracy with a single named co-defendant to distribute crack cocaine and with the distribution of cocaine or crack cocaine on four days in April and May 2008. Although the defendant's inability to speak English certainly complicates his communications with counsel, the Court does not find this factor alone, or even in combination with the volume of discovery, renders this case complex. The question is whether the need for the services of an interpreter makes this case extended because significantly more time will be required to conduct meetings with the defendant. Counsel's use of an interpreter to communicate with the defendant should serve to ameliorate the difficulties flowing from the language barrier. In his motion to continue the trial date [Doc. 51], defense counsel states with respect to the language barrier that he and the defendant "have met on 2 occasions for approximately 5 hours total, and during that time substantially less communication took place that would have with an English speaking Defendant." Counsel does not indicate whether an interpreter was used during these two meetings. The Court finds that the record, as it presently stands, does not support a finding that the case is extended because of the need for counsel's meetings with the defendant to be facilitated by an interpreter. This case does not appear to fall within the exception noted by the Montana District Court in Sepulveda for cases in which translation difficulties cause the time spent in consultation with the defendant to extend beyond that in an average case.

At this point, the Court finds the circumstances of this case do not rise to the level of those cases that are extended or complex. If counsel encounters a change in circumstances during his representation of the defendant that would warrant a finding that the case is extended or complex, such as encountering complicated issues of law or fact or encountering communication problems with his client, despite the use of an interpreter, that require longer client meetings than normal, he

5

may move again for such a declaration. For the reasons indicated, it is **RECOMMENDED** that the Motion of Defendant Exgardo Erazo to Declare Case Extended and Complex [Doc. 53] be **DENIED**.[2]

                                                Respectfully submitted,

                                                s/ H. Bruce Guyton
                                              United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).