IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:08-CR-70 |
| V. | ) | (VARLAN/GUYTON) |
| | ) | |
| EXGARDO ERAZO, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This case is before the Court on the defendant's Motion for Leave to File Additional Motions [Doc. 75], Motion for Determination of the Application of Chapter 119, Title 18 U.S.C. § 2510-2522, Wire and Electronic Communication Interception and Interception of Oral Communication, to the Recorded Telephone Conversations of the Defendant [Doc. 76], Motion for Disclosure and Production of Electronic Surveillance [Doc. 77], and Motion for Production of Presentence Reports of Government's Witnesses and Disclosure to Defense of All Impeachment Material Contained Therein [Doc. 78], which were referred [Doc. 82] to the undersigned on June 19, 2009. <u>See</u> 28 U.S.C. § 636(b). The government filed responses to these motions on June 26, 2009. The Court finds that it is able to rule on these motions without a hearing and will address each in turn.

**I. LEAVE TO FILE MOTIONS**

The defendant requests [Doc. 75] leave to file three motions, contending that the filing of these motions is in the interest of justice. Upon the defendant's request for new counsel, the Court

1

appointed [Doc. 47] Attorney Bradley Henry to represent the defendant on March 25, 2009. At that point in the proceedings, the defendant's motion-filing deadline had expired on July 8, 2008. On May 11, 2009, the Court held a hearing on the defendant's motion to continue the trial. Attorney Henry asked that the Court reopen the motion-filing deadline. The Court declined to reopen the deadline but advised counsel to request leave to file additional motions, if he discovered that other pretrial motions were necessary. In his current motion, the defendant contends that the failure to permit him to file the above listed motions would prejudice the defense of his case. Although it responded to the three other motions, the government did not file a response to the defendant's request for leave to file the additional motions.

Rule 12(b)(3)(E) of the Federal Rules of Criminal Procedure, provides that motions for discovery pursuant to Rule 16 must be filed prior to trial. Rule 12(c) provides for the Court to set a deadline for filing such motions. Rule 12(e) states that the failure to file such a motion before the motion-filing deadline constitutes a waiver of the motion unless the Court grants relief from the waiver for good cause. Here, the defendant's current defense counsel was not appointed until nearly nine months after the expiration of the motion-filing deadline. Neither of the defendant's prior attorneys filed any substantive pretrial motions on his behalf. Moreover, the government has not objected to the filing of the instant motions but, instead, has already filed responses to the motions. Finally, consideration of the motions at this juncture should not affect the parties' ability to proceed to trial on September 8, 2009. Accordingly, for good cause, the defendant's Motion for Leave to File Additional Motions [**Doc. 75**] is **GRANTED**, and the defendant is permitted to file his Motion for Determination of the Application of Chapter 119, Title 18 U.S.C. § 2510-2522, Wire and Electronic Communication Interception and Interception of Oral Communication, to the Recorded

Telephone Conversations of the Defendant [Doc. 76], Motion for Disclosure and Production of Electronic Surveillance [Doc. 77], and Motion for Production of Presentence Reports of Government's Witnesses and Disclosure to Defense of All Impeachment Material Contained Therein [Doc. 78].

## II. ELECTRONIC SURVEILLANCE

The defendant asks [Doc. 77] the Court to order the government to disclose all evidence of electronic surveillance pertaining to conversations between him and another person or between his co-defendant or an alleged co-conspirator and another person. After setting forth the items relating to electronic surveillance that he is seeking in a list that spans four pages, the defendant states that "[s]pecifically," he "requests any and all audio, video or electronically recorded evidence relating to the dates of May 22, 2008, and May 29-30, 2008, which are more fully described in the search warrant paragraphs 17-25." The government responds [Doc. 84] that it has provided in discovery all materials relating to the recordings obtained in this case. It maintains that the remaining materials requested by the defendant either do not exist or are not discoverable.

The Court's Order on Discovery and Scheduling [Doc. 10, Para. J] requires the government to inform the defendant whether he was an "aggrieved person" with regard to electronic surveillance under 18 U.S.C. § 2510(11), which states that an "'aggrieved person' means a person who was a party to any intercepted wire, oral, or electronic communication or a person against whom the interception was directed." If the defendant is an "aggrieved person" under the statute, the government must set forth in detail the circumstances of the electronic surveillance. Moreover, Rule 16(a)(1)(E)(i)-(ii) of the Federal Rules of Criminal Procedure and this Court's Order on Discovery

3

and Scheduling [Doc. 10, Para. B, 3] require the government to disclose any documents or tangible objects that are "material to the preparation of the defendant's defense" or that the government intends to use in its case-in-chief at trial. Accordingly, the Court has already ordered the government to disclose to the defendant materials relating to electronic surveillance. Because the Court has already ordered disclosure and the government has provided same, the defendant's Motion for Disclosure and Production of Electronic Surveillance [**Doc. 77**] is **DENIED as moot**, at this time.

The Court is not able to discern any specific area of dispute from the defendant's lengthy, non-case-specific list of items he is seeking and the government's brief response that the items have either been provided, do not exist, or are not discoverable. If the parties have a discovery dispute about a specific item, they are to bring it to the Court's attention immediately in a specific and narrowly drawn motion so that the dispute may be resolved well in advance of trial.

### III. APPLICABILITY OF 18 U.S.C. § 2510-22

The defendant next requests [Doc. 76] that the Court rule upon the applicability of 18 U.S.C. § 2510-22 to the audio recordings made by the Knoxville Police Department (KPD) of telephone conversations between the defendant and Officer Shaffer on April 10 and 24; May 5, 29, and 30; and June 3, 2008. Sections 2510 through 2522 of title 18 regulate the interception of wire, electronic, and oral communications. Generally, officers seeking to intercept wire, oral, or electronic communications must obtain a court order authorizing such interception. See generally 18 U.S.C. § 2511. The defendant concedes that the recordings in question fall within the exception provided in 18 U.S.C. § 2511(2)(c), which provides that

> [i]t shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication,

4

> where such person is a party to the communication or where one of the parties to the communication as given prior consent to such interception.

In this case, based upon the facts related by the defendant in his motion, the Court finds that Officer Shaffer was a party to the communications between himself and the defendant. The Court further finds that Officer Shaffer was acting under color of law, as the purpose for recording the telephone conversations was for use in an ongoing criminal investigation. See <u>United States v. Obron Atlantic Corp.</u>, 990 F.2d 861, 864-65 (6th Cir. 1993) (holding that recordings made by a police agent for use in an ongoing investigation were obtained under color of law). Accordingly, the recorded conversations fall with in the exception listed in 18 U.S.C. § 2511(2)(c) and are not subject to the act governing the interception of communications.

Additionally, the Court finds the defendant's argument that the statute does not authorize the disclosure of the recordings [Docs. 88, 89] to be equally unavailing. Section provides the following guidance as to the illegality of disclosing the contents of intercepted recordings:

> [e]xcept as otherwise specifically provided in this chapter [18 U.S.C. §§ 2510 *et seq*.] any person who– . . .
>
> (c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information **was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection**;
>
> (d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information **was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection**; or
>
> (e) (i) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, intercepted by means authorized by sections 2511(2)(a)(ii),

5

> > 2511(2)(b)-(c), 2511(2)(e), 2516, and 2518 of this chapter [18 U.S.C. §§ 2511(2)(a)(ii), 2511(2)(b)-(c), 2511(2)(e), 2516, and 2518], (ii) knowing or having reason to know that the information was obtained through the interception of such a communication in connection with a criminal investigation, (iii) having obtained or received the information in connection with a criminal investigation, and (iv) **with intent to improperly obstruct, impede, or interfere with a duly authorized criminal investigation**,
>
> > shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).

18 U.S.C. § 2511 (1)(c)-(e) (emphasis added). Under the plain language of the statute, none of these sections preclude the use of the recordings at issue in this case. The first two sections, 18 U.S.C. § 2511 (1)(c) and (d), both apply only to recordings made in violation of 18 U.S.C. § 2510-22. However, as the Court found above, the recordings at issue fall within the exception found at 18 U.S.C. § 2511(2)(c), and, thus, the recordings were not made in violation of 18 U.S.C. § 2510-22. The third subsection only precludes the use of a recording with the intent to improperly obstruct, impede, or interfere with a duly authorized criminal investigation. 18 U.S.C. § 2511 (1)(e). In this instance, the recordings are being used in furtherance of the investigation, not to obstruct, impede, or interfere , and thus subsection (e) also does not apply. Therefore, the Court finds that the statute does not preclude the use of the recordings in this matter.

Accordingly, for the reasons set forth above, the defendant's Motion for Determination of the Application of Chapter 119, Title 18 U.S.C. § 2510-2522, Wire and Electronic Communication Interception and Interception of Oral Communication, to the Recorded Telephone Conversations of the Defendant **[Doc. 76]** is hereby **GRANTED** to the extent that the Court has reviewed the statute and finds that it does not preclude the recording or use at trial of the recordings at issue in this case.

6

## IV. PRODUCTION OF PRETRIAL REPORTS

The defendant next moves [Doc. 78] the Court to require the government to produce, for *in camera* review by the Court, the presentence reports ("PSRs") of all of the government's cooperating witnesses expected to testify at trial and to disclose to defense counsel all impeachment material contained therein. The government opposes [Doc. 85] the motion, arguing that it is aware of, and will comply with, its obligations to disclose impeaching material, and further arguing that the contents of the PSRs are confidential and should not be disclosed to the defendant.

In addressing this issue, the United States Court of Appeals for the Sixth Circuit has held that

> [n]either Brady nor the Federal Rules of Criminal Procedure mandate that a trial court produce a copy of a presentence report concerning a government witness, prepared for the court, to the defense upon request. Nor do they require a trial court to review such a report in camera for potential Brady material. Thus, we hold that the district court did not abuse its discretion in denying [the defendant's] request.

United States v. Sherlin, 67 F.3d 1208, 1218 (6th Cir. 1995). In addition, the Court notes that the Order on Discovery and Scheduling, filed August 4, 2008, already addresses the government's duty to disclose exculpatory [Doc. 10, para. E] and Jenck's [Doc. 10, para. O] material. In the absence of some showing that the government has not complied with that Order, the Court will not require the production of the contents of confidential PSRs. Accordingly, the Court finds that the defendant has not shown good cause for the instant motion, and the Court further finds that the defendant is not entitled to such a review. Therefore, the defendant's Motion for Production of Presentence Reports of Government's Witnesses and Disclosure to Defense of All Impeachment Material Contained Therein **[Doc. 78]** is hereby **DENIED**.

## V. CONCLUSION

In summary, for the reasons set forth more fully above, it is **ORDERED** that:

(1) The defendant's Motion for Leave to File Additional Motions [**Doc. 75**] is **GRANTED**;

(2) The defendant's Motion for Disclosure and Production of Electronic Surveillance [**Doc. 77**] is **DENIED as moot**, at this time;

(3) The defendant's Motion for Determination of the Application of Chapter 119, Title 18 U.S.C. § 2510-2522, Wire and Electronic Communication Interception and Interception of Oral Communication, to the Recorded Telephone Conversations of the Defendant **[Doc. 76]** is **GRANTED** to the extent that the Court finds that the statute does not preclude the recording or use at trial of the recordings at issue in this case; and

(4) The defendant's Motion for Production of Presentence Reports of Government's Witnesses and Disclosure to Defense of All Impeachment Material Contained Therein **[Doc. 78]** is **DENIED.**

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge