UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:08-CR-70-1 |
| ) | (VARLAN/GUYTON) |
| EXGARDO ERAZO, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's *pro se* motion for a sentence reduction [*see* Docs. 165, 174] in light of 18 U.S.C. § 3582(c) and Amendment 750 to the United States Sentencing Guidelines (the "Guidelines"), an amendment to the Guidelines that reduces the base offense level for certain offenses involving crack cocaine, and the Supreme Court's recent decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012). The United States filed a response in opposition to the defendant's motion [Doc. 175].

**I.  Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Modification is permitted by § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . the court may reduce the term of

> imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement is section 1B1.10 of the United States Sentencing Guidelines Manual (the "Guidelines"), which designates the amendments to the Guidelines that may be applied retroactively. *See Dillon v. United States*, — U.S. —, —, 130 S. Ct. 2683, 2691 (2010) ("A court's power under § 3592(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."); *see also id.* at 2693 (describing the Sentencing Commission's retroactivity determinations made pursuant to 28 U.S.C. § 994(u) as "binding"). In relevant part, section 1B1.10 provides:

> (a) Authority.--
>
> (1) In General.--In case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if--
>
> . . . .

> (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S. Sentencing Guidelines Manual § 1B1.10 (revised Nov. 1, 2011). The application notes to section 1B1.10 also provide that, in considering a reduction in a defendant's term of imprisonment, a court must consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* § 1B1.10 cmt. n.1(B). A court may also consider a defendant's post-sentencing conduct. *Id.*

The Fair Sentencing Act of 2010, Pub. L. 111-120, 124 Stat. 2372 (2010) (hereinafter, the "FSA"), altered the statutory penalties for offenses involving cocaine base ("crack cocaine") and directed the Sentencing Commission to promulgate emergency amendments that would bring the Guidelines into conformity with its provisions. The result of that directive was Amendment 748, a temporary, emergency amendment, which included a downward adjustment of the base offense levels for possession of crack cocaine. On April 6, 2011, the Sentencing Commission re-promulgated as permanent the provisions of Amendment 748 and on April 28, 2011, submitted the amendment for congressional review. *See* 76 Fed. Reg. 24960, 24962 (May 3, 2011). On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect, to be designated Amendment 750 in Appendix C of the Guidelines. *See* 76 Fed. Reg. 41332–35 (June 13, 2011). On November 1, 2011, Amendment 750 went into effect, thus authorizing retroactive application of the lowered offense levels contained in the FSA for offenses involving possession of crack cocaine. Because Amendment 750 may now be applied retroactively, *see* U.S. Sentencing

3

Guidelines Manual § 1B1.10(c), if the sentencing range for the defendant's offense has been lowered by Amendment 750, then the Court has discretion under § 3582(c)(2) to reduce the defendant's sentence, after first considering the § 3553 factors and whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

**II.     Analysis**

Following a jury trial, the defendant was convicted of conspiring to distribute and possess with intent to distribute at least fifty (50) grams of crack cocaine, in violation of 21 U.S.C. § 846, 841(a)(1), and § 841(b)(1)(A), three counts of distributing cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), three counts of distributing at least fifty grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and distributing at least five grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) [Doc. 151]. Using the 2009 version of the Guidelines, the probation officer found the defendant responsible for 293.3 grams of crack cocaine and 73.1 grams of powder cocaine, for a combined marijuana equivalent of 5,880.08 kilograms, resulting in an offense level of 32 [Presentence Report ("PSR") at ¶¶ 27, 29]. After a four-level enhancement for the defendant's leadership role, the total offense level was 36 [PSR ¶¶ 32, 37]. Given his criminal history category of I, the defendant's corresponding Guidelines range was 188 to 235 months' imprisonment [PSR ¶¶ 41, 51]. The Court, however, found that the defendant's role in the offense warranted only a two-level enhancement, which lowered the defendant's Guidelines range to 158 to 188 months' imprisonment [Doc. 158 at 24, 29]. The Court

4

ultimately sentenced the defendant to 160 months' imprisonment [Doc. 151]. According to the Bureau of Prisons, the defendant is scheduled for release on January 25, 2020.

Pursuant to Amendment 750, and given the drug quantities for which the defendant was held accountable—293.3 grams of crack cocaine and 73.1 grams of powder cocaine—the defendant's combined marijuana equivalent of 5,880.08 kilograms and offense level of 32 remains the same. Adding the two-level role enhancement results in a total offense level of 34 and a Guidelines range of 151 to 188 months' imprisonment. Thus, because the sentencing range of the offense for which the defendant was sentenced has not been lowered by Amendment 750, the Court does not find a sentence reduction appropriate and that the plain language of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 precludes any such reduction.

The Court also finds that, to the extent the defendant relies upon *Dorsey*, *Dorsey* does not provide any independent basis to grant relief under 18 U.S.C. § 3582(c). The plain language of that statute authorizes reductions based upon retroactive Guidelines amendments, consistent with the policy statements issued by the Sentencing Commission. *Dorsey* is not a Guidelines amendment, but a Supreme Court decision, and the Sentencing Commission has stressed that, when granting relief under § 3582(c), a court may only substitute retroactive Guideline amendments and may not revisit any other sentencing determinations. U.S. Sentencing Guidelines Manual § 1B1.1(b)(1).

### III. Conclusion

Thus, for the reasons given above, the defendant's *pro se* motion for a sentence reduction [Doc. 165] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE
