UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CR-70-TAV-HBG-1 |
| | ) | |
| EXGARDO ERAZO, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's pro se motion to reduce his sentence [Doc. 201]. The defendant asks for a two-point reduction, although he does not cite any authority for the request.

In January 2010, a jury convicted the defendant of eight drug-trafficking offenses [Doc. 126]. The defendant was sentenced to 160 months' imprisonment, and the Sixth Circuit Court of Appeals affirmed his convictions and sentence in December 2012 [Docs. 151, 160]. The defendant filed a § 2255 motion, which remains pending before this Court [*See* Docs. 168, 169, 173], and defendant also filed several motions for a sentence reduction in light of 18 U.S.C. § 3582(c), *Dorsey v. United States*, 132 S. Ct. 2321 (2012), and the "crack law retroactivity" [*See*, *e.g.*, Docs. 165, 174, 175, 190, 191]. The Court rejected each of defendant's prior attempts to reduce his sentence because Amendment 750 did not lower the Guidelines range applicable to defendant and "*Dorsey*

does not provide any independent basis to grant relief" under 18 U.S.C. § 3582(c) [Docs. 176, 191].

The defendant's current attempt to reduce his sentence is likewise meritless. A district court may modify a defendant's sentence only as permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001) (stating that "[t]he authority of a district court to resentence a defendant is limited by statute" and that resentencing is "expressly prohibit[ed] . . . beyond those exceptions expressly enacted by Congress"). Congress has provided that a district court may reduce a sentence, consistent with the Sentencing Guidelines policy statements, where a change in the Guidelines affects the calculation of the applicable sentencing range, *see* 18 U.S.C. § 3582(c)(2), but the defendant has identified no such change here. Indeed, the Court has already held that the retroactive Guidelines amendments implementing the Fair Sentencing Act of 2010 did not lower defendant's Guidelines range [*See generally* Doc. 176]. Accordingly, this Court lacks authority to grant the relief requested by defendant and the defendant's motion [Doc. 201] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE